

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-10-00448-CR

ROBERT GONZALES                                             APPELLANT

V.

THE STATE OF TEXAS                                              STATE

----------

FROM THE 367TH DISTRICT COURT OF DENTON COUNTY

----------

## MEMORANDUM OPINION[1]

----------

## I. INTRODUCTION

A jury found Appellant Robert Gonzales guilty of injury to a child and assessed his punishment at fifty-five years' confinement. The trial court sentenced him accordingly. In three issues, Gonzales argues that he is entitled to a new trial because, at the guilt-innocence phase of the trial, the trial court

---

[1]See Tex. R. App. P. 47.4.

erroneously admitted hospital photos of the child and the testimony of Jan Arbuckle; Gonzales contends both alleged errors were harmful.[2]

## II. FACTUAL BACKGROUND[3]

One day when C.H. was five months old, his mother Kristen had a job interview. C.H.'s biological father Danny had spent the night with C.H. at Kristen's house the night before Kristen's job interview so that Kristen could get a good night's sleep. Danny left at about 9:30 on the morning of the interview and testified at trial that C.H. was normal and happy when he left. Kristen bathed, fed, and dressed C.H. and planned to take him to her sister's house while she went to the job interview. Gonzales, who was Kristen's boyfriend, stopped by while Kristen was getting ready to leave and offered to watch C.H. while Kristen went to the job interview. Kristen agreed and left at around 11:30 a.m.; she said that C.H. was normal and healthy when she left. Kristen returned home at approximately 1:00 p.m. Gonzales told Kristen that he had fallen with C.H.; she rushed to C.H.'s crib and discovered him limp, nonresponsive, and having difficulty breathing. Kristen called 9-1-1.

---

[2]We address Gonzales's three issues in the order they are argued in his brief although they are numerically labeled differently in his brief's "issues presented."

[3]Because Gonzales does not challenge the legal or factual sufficiency of the evidence to support his conviction, we set forth only an abbreviated factual background.

C.H. was near death when paramedics arrived, and he was care-flighted to the hospital.  At the hospital, C.H. was diagnosed with traumatic brain injuries— including bleeding around the surface of his brain, brain swelling, and large areas of dead brain tissue; rib fractures; massive subretinal hemorrhages; a fractured heel; a laceration on the inside of his lip; lacerations and bruising on and around his penis; and fresh petechiae on his right ear, forehead, nose, and upper arms.  Dr. Matthew Cox testified that C.H. would have been symptomatic immediately after his injuries and that his distress would have been obvious.  Dr. Cox explained that C.H.'s injuries were most likely caused by a severe and violent traumatic event such as repetitive and violent shaking followed by a deceleration-type impact.  According to Dr. Cox, C.H. was neurologically devastated; he was unable to roll, sit, or stand by himself and would in probability never be able to walk, talk, feed himself, or recover from his cortical blindness.

Gonzales denied causing C.H.'s injuries, saying that he fell while carrying C.H. and that they bumped heads.  Gonzales later admitted that he shook C.H. a little bit to try to console him and to get him to stop crying.  Still later in a recorded interview that was played for the jury, Gonzales apologized for lying before and admitted that he had become angry and frustrated because C.H. would not stop crying and that he had shaken C.H., had freaked out, and had done things that he should not have done.

## III. STANDARD OF REVIEW

We review evidentiary rulings under an abuse of discretion standard. *Salazar v. State*, 38 S.W.3d 141, 153–54 (Tex. Crim. App.), *cert. denied*, 534 U.S. 855 (2001); *Aguilera v. State*, 75 S.W.3d 60, 64 (Tex. App.—San Antonio 2002, pet. ref'd). The trial court abuses its discretion when it acts without reference to any guiding rules and principles or acts in a manner that is arbitrary or capricious. *See Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1991). A trial court does not abuse its discretion if its ruling was at least within "the zone of reasonable disagreement." *Salazar*, 38 S.W.3d at 153–54.

## IV. HOSPITAL PHOTOS

During the guilt-innocence phase of trial, the trial court admitted over Gonzales's objection photographs of C.H. in the intensive care unit at the hospital. In his first issue, Gonzales claims that the admission of all of the hospital photos was error and was harmful. Gonzales argues that the photos were "not at all probative" but were "highly prejudicial."

Danny testified that the photos accurately depicted C.H. as he appeared in the hospital intensive care unit. The photos all show C.H. lying in the hospital bed. They are taken from various angles and at varying degrees of closeness; in some, C.H. is covered with a blanket—with only his head and face exposed—and in some, he is not. Although the photos depict various tubes and monitors attached to C.H., they are not gruesome in the sense of depicting bodily mutilation or a bloody injury.

4

In reviewing whether the trial court abused its discretion by determining that the photos were relevant, we note that—as argued by the State—the photographs were probative of the violent trauma inflicted on C.H. and of the fact that serious bodily injury was inflicted. *See* Tex. R. Evid. 401*; Salazar*, 38 S.W.3d at 151. In reviewing whether the trial court abused its discretion by determining that the probative value of the photos was not substantially outweighed by the danger of unfair prejudice, we note that when the power of visible evidence emanates from nothing more than what the defendant himself has done, the trial court does not abuse its discretion merely by admitting the evidence. *Sonnier v. State*, 913 S.W.2d 511, 519 (Tex. Crim. App. 1995); *see also Williams v. State*, 301 S.W.3d 675, 693 (Tex. Crim. App. 2009) (explaining that although photos, "particularly the close-ups of the bullet wounds, are gruesome[,] . . . they portray no more than the gruesomeness of the injuries inflicted by appellant"), *cert. denied*, 130 S. Ct. 3411 (2010); *Gallo v. State*, 239 S.W.3d 757, 763 (Tex. Crim. App. 2007) (holding that appellant did not preserve error concerning admission of photos, but noting "that all three photographs show no more than the injuries that the victim suffered shortly before her death at a time when appellant was the only adult with her"), *cert. denied*, 553 U.S. 1080 (2008).

We have reviewed the objected-to photos here; they show no more than the treatment of the injuries that C.H. suffered shortly before his arrival at the hospital. Based on the record before us, we cannot say that the trial court

abused its discretion by determining that the photos were relevant or that the probative value of the photos was not substantially outweighed by the danger of unfair prejudice to Gonzales.  We overrule Gonzales's first issue.

**V.  JAN ARBUCKLE'S TESTIMONY**

Jan Arbuckle was C.H.'s caregiver at the time of trial, fourteen months after his injuries.  She testified as to C.H.'s condition at the time of trial, the various physicians C.H. was required to see, the medicines prescribed for C.H., and how C.H. was transported.  Jan's total testimony comprises four pages in the over one-thousand-page reporter's record.  Gonzales objected to Jan's testimony, claiming that it was improper victim impact testimony and was not relevant.  In his second issue, Gonzales argues that the trial court erred by admitting Jan's testimony.  In his third issue, Gonzales contends that the errors in the admission of the photos and the admission of Jan's testimony were both harmful.

Victim impact evidence is generally recognized as evidence concerning the effect that the victim's death will have on others, particularly the victim's family members.  Tex. Code Crim. Proc. Ann. art. 56.03(b) (West Supp. 2011) (describing information to be included in a victim impact statement); *Mathis v. State*, 67 S.W.3d 918, 928 (Tex. Crim. App. 2002); *see also Garcia v. State*, 126 S.W.3d 921, 929 (Tex. Crim. App. 2004) (holding medical records of victim shot by defendant did not constitute victim impact evidence).  Jan testified briefly as to C.H.'s medical condition at the time of trial, fourteen months after he had

6

sustained his injuries. Her testimony did not mention how C.H.'s injuries impacted Kristen's or Danny's lives or comment on the psychological impact (as opposed to the physical aspect) of C.H.'s injuries on him. Instead, Jan's testimony was limited to describing the continuing physical impact of C.H.'s injuries on C.H. Accordingly, we cannot say that the trial court abused its discretion by overruling Gonzales's improper-victim-impact objection to Jan's testimony. *See Garcia*, 126 S.W.3d at 929 (holding "trial court did not abuse its discretion in overruling appellant's objection to the records" on the ground that they constituted improper victim impact evidence).

As pointed out by the State on appeal, Jan's testimony was relevant; it was probative of the "violent nature of the assault, Appellant's intent, and the fact that 'serious bodily injury' was inflicted even though Appellant admitted to only a mild shaking of the baby." Jan's testimony was relevant and probative for the State to meet its burden of proving that C.H. had sustained serious bodily injury, as alleged in the indictment and as defined in section 1.07 of the penal code. *See* Tex. Penal Code Ann. § 1.07(46) (West Supp. 2011) (defining serious bodily injury as "bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ"). Accordingly, we cannot say that the trial court abused its discretion by overruling Gonzales's relevancy objection to Jan's testimony.

We overrule Gonzales's second issue. Because we have overruled Gonzales's first and second issues claiming error in the admission of the hospital photos and Jan's testimony, we need not address his third issue claiming that both of the errors alleged in his first and second issues were harmful. *See* Tex. R. App. P. 47.1 (requiring appellate court to address only issues necessary to final disposition of the appeal).

## VI. CONCLUSION

Having overruled Gonzales's first and second issues and having determined that we need not address Gonzales's third issue, we affirm the trial court's judgment.

SUE WALKER
JUSTICE

PANEL: LIVINGSTON, C.J.; DAUPHINOT and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: December 22, 2011

8